UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 13-5-DLB-EBA

BENNY LEE HODGE                                                                                    PETITIONER

vs.                                         **MEMORANDUM ORDER**

RANDY WHITE, Warden                                                                         RESPONDENT

*************************

**I.      Introduction**

This matter is before the Court on Petitioner Benny Lee Hodge's Objections (Doc. # 62) to Magistrate Judge Edward B. Atkins' Order of September 16, 2014 (Doc. # 61), in which he denied Hodge's request for discovery and an evidentiary hearing without prejudice.  Judge Atkins reasoned that discovery would be an unhelpful exercise at this juncture because 28 U.S.C. § 2254(d) limits a federal habeas court's review to the record that was before the state court that adjudicated the claim on the merits.  Thus, the Court would be unable to consider newly discovered evidence unless and until Hodge demonstrates, based on the record before the state court, that his claims are not subject to the limitations of § 2254(d).  Judge Atkins reserved the right to reconsider Hodge's motion if and when he makes the required showing.

Although Hodge understands that he may be able to reassert his request at a later date, he nevertheless takes issue with "the threshold legal determinations made regarding the availability of factual development pre-AEDPA ruling." (Doc. # 62 at 2).  The Warden

1

having filed a timely Response (Doc. # 66) to Hodge's Objections, this matter is now ripe for the Court's consideration. For the reasons stated below, Hodge's Objections to Discovery and Evidentiary Hearing Order (Doc. # 62) be, and are, hereby **overruled**.

## II. Standard of Review

A district court judge may refer non-dispositive pretrial matters to a magistrate judge for resolution. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Once the magistrate judge conducts the necessary proceedings and enters a written order stating the decision, "[a] party may serve and file objections to the order within fourteen (14) days after being served with a copy." Id. The district court will then consider those objections and, if necessary, "modify or set aside any part of the order that is *clearly erroneous or is contrary to law.*" Id. (emphasis added).

The "clearly erroneous" standard is not met simply because the reviewing court would not have come to the same conclusion, based on the evidence, that the lower court reached. Heights Cmty Cong. v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985). Rather, the key inquiry is "whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." Id. "A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id.

## III. Analysis

### a. Application of *Pinholster*

In *Cullen v. Pinholster*, the Supreme Court granted certiorari to consider, *inter alia*, "whether review under § 2254(d)(1) permits consideration of evidence introduced in an

2

evidentiary hearing before the federal habeas court." 131 S.Ct. 1388, 1398 (2011). The Court answered this question in the negative, reasoning that the language of § 2254(d)(1) "requires an examination of the state-court decision at the time it was made," thus limiting the federal habeas court's review "to the record in existence at that same time i.e., the record before the state court." *Id.* Therefore, evidence introduced in a federal evidentiary hearing has no bearing on the federal habeas court's review of a claim adjudicated on the merits, unless the petitioner can "overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.* at 1400.

The Court also rejected Pinholster's assertion that its holding would render § 2254(e)(2) superfluous. *Id.* This subsection, which "imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing," still has force where § 2254(d)(1) does not bar relief (i.e. claims that were not adjudicated on the merits in state court proceedings). *Id.* at 1400–01. "At a minimum, therefore, § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court." *Id.* at 1401.

In this case, Hodge requested discovery and an evidentiary hearing on the following eight claims: Claim 3 (denial of due process due to prosecutor's conflict of interest); Claim 5 (deprivation of the right to a fair and impartial trial due to jury tampering); Claims 7 and 9 (denial of due process and right to confront accusers due to the prosecutor's use of perjured testimony by jailhouse informant and suppression of exculpatory evidence); Claims 11 and 22 (denial of due process and right to confront accusers due to the prosecutor's use of perjured testimony by co-defendant and suppression of exculpatory evidence); and Claims 15 and 21 (deprivation of the right to effective assistance of

counsel). Although the Court does not intend to delve into the merits of these claims at this time, a brief review of the record suggests that these claims have been presented to the Kentucky Supreme Court. *See Epperson v. Commonwealth*, 809 S.W.2d 835, 838 (Ky. 1990).

Given AEDPA's rebuttable presumption that claims presented to the state court have been "adjudicated on the merits," Hodge's claims will likely be subject to the limitations of § 2254(d)(1). *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011); *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013) (extending this rebuttable presumption to instances where the state court rules against the defendant and issues an opinion that addresses some claims but does not expressly address the federal claims). That being the case, Judge Atkins reasoned that *Pinholster* would prohibit this Court from considering any new evidence introduced in a federal evidentiary hearing unless Hodge can overcome the limitations of § 2254(d)(1), either by showing that these claims have not been adjudicated on the merits or by demonstrating that the state court's adjudication on the merits resulted in a decision that was contrary to clearly established federal law.

Even if an evidentiary hearing was not yet warranted, Hodge argued that discovery would still be appropriate because *Pinholster* did not alter the "good cause" standard for discovery in federal habeas cases. *See* Rule 6 of the Rules Governing § 2254 Cases in the United States District Courts. While Hodge was technically correct in stating that *Pinholster* did not explicitly address the availability of discovery in cases subject to § 2254(d)(1) limitations, Judge Atkins saw no reason why its holding would not apply with equal force to new evidence obtained through discovery. After all, "[i]t would defy logic to preclude a petitioner from developing factual information in an evidentiary hearing, but

4

allow him to introduce same factual information via discovery and expansion of the record." (Doc. # 61 at 8).

In his Objections, Hodge simply reasserts the same argument, stating that "the Supreme Court's decision in *Pinholster* [ ] does not alter the framework for discovery under Habeas Rule 6." (Doc. # 62 at 3). He fails to explain *why* Judge Atkins erred in reasoning that *Pinholster* would apply with equal force to discovery. Based on its own review of *Pinholster*, the Court finds Judge Atkins' opinion to be thorough, well-reasoned and supported by the evidence in the record. Without offering any new points for the Court's consideration, Hodge fails to give this Court the definite and firm conviction that a mistake has been committed.

Hodge then insists that *Pinholster* is distinguishable from his own case because Pinholster received "two (2) rounds of post-conviction processes with a full compliment of experts and investigators, where the state court assumed his allegations as true, and then [ ] returned to federal court and changed his theory." (Doc. # 62 at 4). Hodge states that "*Pinholster* could not establish diligence in those circumstances." (*Id.*). By contrast, Hodge "received a single process, where he had to sue for funds on two (2) claims–but received nothing on the other allegations–the state court did not assume his allegations as true, and he is not attempting to change his story in federal court." (*Id.*). Instead, Hodge asserts that the state precluded him from conducting discovery, denied him an evidentiary hearing, engaged in improper credibility determinations and disposed of his claims in summary fashion. (*Id.*). The underlying implication is that the Court should allow Hodge to proceed with discovery because he has been diligent in pursuing his claims in state court.

5

However, Hodge fails to explain why Judge Atkins should have distinguished his case from *Pinholster* on grounds of diligence, which relates to § 2254(e)(2):

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
>     (A) the claim relies on –
>
>         (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or
>
>         (ii) a factual predicate that could not have been previously discovered through the exercise of *due diligence*; and
>
>     (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense

§ 2254(e)(2)(A)(ii) (emphasis added).

Because this "diligence" provision resides within § 2254(e)(2), the Court will analyze Hodge's objection in the context of his request for an evidentiary hearing. As the Court has already explained in detail, *Pinholster* prohibits a federal habeas court from considering any new evidence introduced in a federal evidentiary hearing, unless and until a petitioner overcomes the limitations of § 2254(d)(1). Thus, § 2254(e)(2) has force where § 2254(d)(1) does not bar relief (i.e. claims that have not been adjudicated on the merits in state court). Applying this holding to the current posture of Hodge's case, the Court believes that it would be premature to consider whether Hodge has been diligent in pursuing his claims in state court.

6

### b.    *Wellons* and *Bracy*

In his motion, Hodge relied heavily on *Wellons v. Hall*, which centered on jurors' alleged improper contact with the presiding judge and bailiff during Wellons' rape and murder trial. 558 U.S. 220 (2010). Wellons, who learned of this contact after being convicted and sentenced to death, raised the issue unsuccessfully on direct appeal. *Id.* at 221. He then sought discovery on the issue in state habeas proceedings, but the state court denied his request because "the matter had been decided on the merits and thus was res judicata." *Id.* The federal habeas court also denied Wellons' request for discovery and an evidentiary hearing, reasoning that his claims were procedurally barred, and the Eleventh Circuit affirmed. *Id.* at 221-222. Soon after, the Supreme Court held that a state court decision not to review the merits of a petitioner's claim on the ground that it had done so already created no bar to federal habeas review. *Id.* (citing *Cone v. Bell*, 129 S. Ct. 1769, 1780-82 (2009)). In light of *Cone*, the Court granted certiorari, vacated the judgment below and remanded Wellons' case to the Eleventh Circuit to consider whether his allegations, combined with the undisputed facts, warranted discovery and an evidentiary hearing. *Id.* at 223.

Hodge argued that he was entitled to discovery and an evidentiary hearing because, like Wellons, "the alleged misconduct took place entirely off the record and the state court never engaged in any fact-finding on the matter." (Doc. # 50 at 2). However, Judge Atkins found that Hodge's case was distinguishable from *Wellons* because the state court had not addressed Wellons' claim on the merits. (Doc. # 61 at 10). As a result, the federal habeas court "was not constrained by § 2254(d) and could have considered new evidence had they not improperly found Wellons' misconduct claim procedurally barred." (*Id.*). Because the

7

Kentucky Supreme Court has likely adjudicated Hodge's claims on the merits, "this Court is constrained by the state court record and cannot consider any new evidence in deciding whether the state court relied on an unreasonable determination of the facts." (*Id.* at 10-11).

While Hodge agrees with Judge Atkins' factual summation of *Wellons*, he objects to Judge Atkins's conclusion, pointing out a "critical distinction that establishes that *Wellons* supports his request." (Doc. # 62 at 6).  Specifically, Hodge states that "the claim upon which *Wellons* ultimately received a hearing was a direct appeal claim addressed by the state court on the merits." (*Id.*).  This statement is patently incorrect.  Under *Pinholster*, a federal habeas court cannot consider information introduced in a federal evidentiary hearing for claims adjudicated on the merits in state court, unless the petitioner shows that the state court's adjudication resulted in a decision that was contrary to clearly established federal law.  As Judge Atkins observed, Wellons' claims were *not* adjudicated on the merits in state court, so the federal habeas court never had to consider whether the state court's adjudication resulted in a decision that is contrary to clearly established federal law.  In short, Wellons' claim was not adjudicated on the merits, and thus, this case does not support Hodge's request.

Hodge's motion also references *Bracy v. Gramley*, in which Bracy was convicted of murder before a judge who was himself later convicted of accepting bribes from defendants in criminal cases.  520 U.S. 899 (1997).  Although the trial court judge did not accept a bribe in Bracy's case, Bracy alleges that the judge had an interest in a conviction in his case to deflect suspicion that he was taking bribes in other cases around the same time.  *Id.* at 901.  While pursuing federal habeas relief, Bracy sought discovery and an evidentiary

hearing to further develop his claims, but the court denied his request, and the Seventh Circuit affirmed. *Id.* at 902-03. The Supreme Court then granted certiorari "to address whether, on the basis of the showing made in this particular case, petitioner should have been granted discovery under Habeas Corpus Rule 6(a) to support his judicial-bias claim." *Id.* at 903. The Court noted that, if it were possible to indulge the presumption that public officials have properly discharged their official duties, it "might well agree with the Court of Appeals that petitioner's submission and his compensatory-bias theory are too speculative to warrant discovery." *Id.* at 909. That presumption having been thoroughly rebutted by the judge's corruption conviction, and Bracy having shown that his trial attorney was a former associate of the judge "in a law practice that was familiar and comfortable with corruption," the Court held that Bracy had established "good cause" for discovery. *Id.*

Hodge argued that his case was comparable to *Bracy* because his claims, although somewhat speculative at this stage, satisfy the Rule 6 standard. Specifically, Hodge stated that his claims "'show reason to believe' he 'may' be able [to] establish an entitlement for relief 'if the facts are fully developed.'" (Doc. # 48 at 14-15). Judge Atkins found that *Bracy* was distinguishable from Hodge's case because the claims at issue were not adjudicated on the merits in a state court proceeding, and thus, the federal habeas court was free to consider new evidence. Even if Hodge was able to satisfy the "good cause" standard for discovery under Rule 6, he has not yet shown that the Court would be able to consider such evidence. And as Judge Atkins observed, there is little point in conducting discovery or holding an evidentiary hearing if the Court cannot consider new information.

In his objection, Hodge argues that *Bracy* supports his request for three reasons, all of which are set forth with little to no analysis. First, Hodge argues that Judge Atkins'

9

treatment of *Bracy* "creates tension with the aforementioned *Wellons* case." (Doc. # 62 at 7). It does not. Judge Atkins' reading of *Bracy* may not square with Hodge's interpretation of *Wellons*, but this Court has already dismissed that as incorrect. Second, Hodge complains that Judge Atkins' application of *Bracy* penalizes him for his "diligence in raising his claims in state court." (*Id.*). As the Court has already explained herein, the diligence inquiry is irrelevant at this juncture. And third, Hodge argues that *Bracy* supports his request because he, like Bracy, has "never had the opportunity to fairly present his claims." This assertion is equally unavailing, as the Court will explain in the next section.

### c. Kentucky's Post-Conviction Procedures

Hodge argued that discovery in federal court was necessary because Kentucky Rule of Criminal Procedure 11.42, governing motions to vacate, set aside or correct a sentence, creates a "categorical bar on discovery [that] fails to adequately vindicate the substantive rights provided by RCr 11.42." (Doc. # 48 at 2). Judge Atkins rejected this position, reasoning that RCr 11.42 provides for a hearing, and counsel if necessary, when there are material issues of fact that cannot be determined on the face of the record. (Doc. # 61 at 11). These mechanisms for factual development may not have given Hodge the requested relief, but that, in and of itself, does not mean that the process was inadequate.

Hodge acknowledges that RCr 11.42 provides for a hearing and counsel in some circumstances, but nevertheless objects to Judge Atkins' conclusion because he believes that these measures are insufficient to remedy the lack of discovery even when an evidentiary hearing is granted. (Doc. # 62 at 8). As a result, Hodge posits that "if the prosecution has suppressed exculpatory and material evidence, proof of the prosecutor's misconduct will likely remain undiscovered and unavailable to present in the hearing." (*Id.*).

Although Hodge is correct in asserting that there is no right to discovery in proceedings on a motion to vacate, set aside or correct sentence, this does not render the process insufficient. *Mills v. Commonwealth*, 170 S.W.3d 310, 325 (Ky. 2005), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009). This rule regarding discovery is consistent with the very purpose of RCr 11.42, which "exists to provide the movant with an opportunity to air known grievances, not an opportunity to conduct a fishing expedition for possible grievances." *Id.* However, just because a movant does not have a right to discovery does not mean that he is totally without relief. If further factual development is needed to decide certain issues, then an evidentiary hearing is available for that purpose.

### d.  Reading of § 2254(e)

For his penultimate objection, Hodge simply complains of Judge Atkins' conclusion that § 2254(e)(2) did not provide Hodge with a vehicle around *Pinholster*. (Doc. # 62 at 9). Hodge maintains that "the application of *Pinholster* in this manner undercuts the virtue provided by [§] 2254(e)(2) and penalizes otherwise diligent habeas petitioners." (*Id.*).

As explained herein, *Pinholster* is quite clear that evidence introduced in federal court has no bearing on its review of a claim adjudicated on the merits, unless the petitioner can "overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.* at 131 S.Ct. 1388, 1400 (2011). "At a minimum, therefore, § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court." *Id.* at 1401. However, it seems that a federal court may also be able to consider new evidence when deciding whether there is cause and prejudice or actual innocence to excuse a defaulted claim. *House v. Bell*, 547

11

U.S. 518, 537-38 (2006).  In addition to these observations, Judge Atkins further noted, "in a situation that may be applicable to the present case, if after review solely on the state court evidence, it appears the state court contravened or unreasonably applied clearly established federal law, the federal court may then consider additional evidence to determine whether habeas relief should be granted."  (Doc. # 61 at 12).  This is the conclusion that *Pinholster* dictates.  Hodge asks this Court to disregard this conclusion and find that § 2254(e)(2) functions as a loophole to *Pinholster* because it penalizes diligent petitioners.  The Court is unable to do as Hodge requests, for the simple reason that it cannot ignore Supreme Court precedent.

The purpose of § 2254(e)(2) is not to penalize anyone, but rather to "carry out AEDPA's goal of promoting comity, finality, and federalism by giving state courts the first opportunity to review [a] claim, and to correct any constitutional violation in the first instance." 131 S.Ct. at 1401 (internal quotations omitted).  This provision further ensures that "federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."  *Id.*

Lastly, Hodge complains that Judge Atkins did not make any findings on his request pursuant to § 2254(e)(1).  Specifically, he did not state whether Hodge was entitled to challenge the Kentucky Supreme Court's fact-finding regarding the Commonwealth Attorney's conflict of interest pursuant to § 2254(e)(1).  Hodge never explicitly invoked § 2254(e)(1) as the basis for his request, perhaps leading Judge Atkins to believe that Hodge sought to challenge this fact-finding via § 2254(e)(2).  However, for the sake of clarity, the Court will assume that Judge Atkins nevertheless understood the nature of Hodge's request and briefly respond to Hodge's final objection.

Section § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Although only a small portion of the AEDPA jurisprudence deals with § 2254(e)(1), *Miller-El v. Cockrell* gives some guidance on the relationship between § 2254(d)(1) and § 2254(e)(1):

> A federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system. Where 28 U.S.C. § 2254 applies, our habeas jurisprudence embodies this deference. Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, §2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding.

537 U.S. 322, 340 (2003).

Hodge seeks to challenge the following determination by the Kentucky Supreme Court:

> The allegations that the appellants were denied due process of law because of an alleged conflict of interest by the prosecutor are totally without merit.
>
> The final judgment of conviction was rendered on June 20, 1986, and on August 8 of the same year, the surviving victim filed a civil lawsuit against Epperson and Hodge for damages. The counsel in the matter was, in addition to being a private attorney, an assistant Commonwealth attorney in the criminal prosecution. The trial judge overruled the motion for a new trial on August 19, 1986.
>
> The representation of the surviving victim in a civil matter was completely after trial. There is no evidence to the contrary. The appearance of alleged impropriety without any impact on the trial does not create sufficient prejudice for a reversal. The prosecutor's conduct may be inappropriate, but it does not amount to reversible error unless the behavior undermines the fundamental fairness of the trial. *United States v. Young*, 470 U.S. 1, 105 S. Ct. 1038, 84 L.Ed.2d 1 (1985). *Jordan v. Commonwealth*, Ky., 371 S.W.2d 632 (1963).

*Epperson v. Commonwealth*, 809 S.W.2d 835, 842 (1990).

As grounds for challenging the Kentucky Supreme Court's fact-finding, Hodge simply states that it is difficult to believe that "an attorney was contacted, prepared and filed a civil suit all in the same day without any warning whatsoever." (Doc. # 62 at 10).  Even so, this point is insufficient to rebut by clear and convincing evidence the Kentucky Supreme Court's finding as to when representation of the surviving victim began.  And while Hodge is certainly entitled to challenge that finding pursuant to § 2254(e)(1), the law does not give him a right to conduct discovery and hold an evidentiary hearing in an effort to rebut the presumption of correctness.

**IV.     Conclusion**

For the reasons stated above, Petitioner Benny Lee Hodge's Objections to Discovery and Evidentiary Hearing Order (Doc. # 62) be, and are, hereby **overruled**.

This 14th day of January, 2015.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\ORDERS\PikeCivil\2013\13-5 Order re Objections.wpd

14